WHEELOCK *against* BRINCKERHOFF.

.IN ERROR, on *certiorari* to a justice's court.

The plaintiff in error, who was also plaintiff in the court below, brought an action of trespass, *de bonis asportatis*, against the defendant, and, being a non-resident, the suit was commenced by warrant, on his depositing five dollars with the justice, as security. Upon the return of the warrant, the defendant inquired of the justice whether the plaintiff had given security, and was informed, generally, that he had, without stating the nature of the security. The cause was then adjourned, and, at a second meeting, the defendant inquired respecting the security, and was then told that five dollars had been deposited for that purpose. This was objected to by the defendant, and the plaintiff refusing to give other security, the justice nonsuited him. The plaintiff, afterwards, offered to give other security, but the justice decided that it was then too late.

*The security required to be given by a non-resident plaintiff, in commencing an action before a justice of the peace, by a warrant, may be a deposit of money with the justice. And where, in an action of trespass, five dollars were deposited, as security, it was held sufficient.*

*Per Curiam.* The act (1 *N. R. L.* 388.) declares, that if a non-resident plaintiff tenders to the justice security for the payment of any sum which may be adjudged against him, he shall be entitled to have a warrant against the defendant. The nature of the security is not designated, and there can be no good reason why the deposit of money should not be deemed competent security; and, if so, the sum deposited was sufficient. It was to as great an amount as could be adjudged against the plaintiff; the action being trespass, there could be no set-off, and the costs are limited to five dollars, except under some special circumstances, which we are not to intend existed in this case. The judgment must, therefore, be reversed.

Judgment reversed.